[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3.
 {¶ 2} Plaintiff-appellant, the state of Ohio, appeals from the judgment of the Hamilton County Court of Common Pleas granting the application for expungement filed by defendant-appellee, Eric Richardson. In a single assignment of error, the state argues that the trial court erred in granting the expungement.
 {¶ 3} In 1993, following Richardson's plea of no contest, the trial court found Richardson guilty of conspiracy to commit aggravated robbery, in violation of R.C. 2923.01. On June 12, 2002, the trial court granted Richardson's application for expungement of his record.
 {¶ 4} An application to seal a record of a felony conviction is permitted if the applicant meets certain statutory requirements.[1] But R.C. 2953.36 precludes a felon from applying for expungement where the offender has been convicted of an offense of violence.[2] In this case, Richardson was convicted of conspiracy to commit aggravated robbery, which is defined as an offense of violence pursuant to R.C. 2901.01(I)(1) and (4).
 {¶ 5} Because he had been convicted of an offense of violence, Richardson's application for expungement could not, as a matter of law, have been properly granted. Accordingly, we reverse the judgment of the trial court and remand this case for the recording of an entry denying Richardson's application.
 {¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
 {¶ 7} Sundermann, P.J., Painter and Winkler, JJ.
[1] See R.C. 2953.31 et seq.
[2] R.C. 2953.36(C).